IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03248-DDD-MDB

AMY WRANY and
ASHLEY JOHNSON,

     Plaintiff,

v.

EL PASO COUNTY, COLORADO, by and through its Board of County Commissioners,
EL PASO COUNTY DEPARTMENT OF HUMAN SERVICES,
OFFICE OF THE CHILD'S REPRESENTATIVE,
EXECUTIVE DIRECTOR OF THE COLORADO OFFICE OF THE CHILD'S
REPRESENTATIVE, in his or her official capacity,
JESSICA DRIVER,
CODY CHRISTIAN,
KEVIN MAJOR, and
LESHA DELANEY

     Defendants.

---

**DEFENDANT LESHA DELANEY'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)**

---

Defendant Lesha Delaney ("Defendant" or "Ms. Delaney"), through counsel, Rachel

Ryckman and Kimberly Fry of White and Steele, P.C., submits her Motion to Dismiss Plaintiffs'

Amended Complaint pursuant to Fed. R. Civ. P. 12(b), and states as follows:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(b)(2), conferral is not required for motions under Fed.

R. Civ. P. 12.

1

## INTRODUCTION

The Court should dismiss Plaintiffs' *pro se* claim against Ms. Delaney because it lacks jurisdiction – personal and subject matter. Even if the Court finds that it has jurisdiction, Plaintiffs cannot overcome other grounds for dismissal, including, Plaintiffs' failure to file a requisite certificate of review, insufficient service of process of the Amended Complaint, improper venue, and Plaintiffs' failure to state a claim upon which relief can be granted.  For the foregoing reasons, Defendant Delaney respectfully asks the Court to dismiss Plaintiffs' claims against her with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Amy Wrany and Ashley Johnson are residents of Oklahoma.  Ms. Delaney is a resident of Oklahoma and a licensed professional counselor (LPC) with a principal place of business in Oklahoma. On October 23, 2025, Plaintiffs filed, as *pro se* litigants, their Amended Complaint in the United States District Court of Colorado. Amend. Compl. Ms. Delaney was served the Complaint and Summons at her Oklahoma residence on November 3, 2025.  (Doc. 10-4).

The Amended Complaint asserted federal and state claims against multiple parties, including municipal entities—Defendants El Paso County, Colorado, by and through its Board of County Commissioners ("El Paso County"), El Paso County's Department of Human Services (DHS), and the Office of the Child's Representative (OCR)—as well as four persons in their individual and professional capacities—Defendants Jessica Driver, Cody Christian, Kevin Major, and Lesha Delaney.

The Amended Complaint alleges that Defendants "acted under color of state law, including

2

by willful participation in joint activity with state actors, misuse of authority conferred by state law, and performance of functions traditionally the exclusive prerogative of the state." *Id.* at 5.

Specifically as to Defendant Delaney, Plaintiffs allege that she "misused confidential therapy notes to manipulate case outcomes and suppress favorable information" and "wrongfully obtained and disseminated confidential therapeutic information without authorization or court order," in order "to influence litigation outcomes and restriction visitation." *Id.* at 26. Plaintiffs further allege that Defendant Delaney, while acting within the scope of her professional duties, breached the applicable standard of care over statements regarding Plaintiff Johnson's mental-health status, parenting capacity, and substance-use history. *Id.* at 9. Plaintiffs allege as factual support that Guardian ad Litem Jessica Driver, acting under OCR oversight, colluded with Ms. Delaney, to obtain and distribute confidential therapy notes, and that Ms. Delaney did so without authorization or court order. *Id.* at 5.

Plaintiffs assert the following claims against Defendant Delaney: (1) Violation of Procedural Due Process under 42 U.S.C. § 1983, *Id.* at 15; (2) Misuse of Confidential Information and Breach of Therapeutic Privilege, *Id.* at 16; (3) Abuse of Process and Malicious Interference with Reunification, *Id.* at 17; (4) Intentional Infliction of Emotional Distress, *Id.* at 22; (5) Civil Conspiracy (42 U.S.C. § 1983 and State Law), *Id.* at 25; (6) Violation of Informational Privacy and Confidentiality (Fourteenth Amendment; State-Law Privacy; HIPAA Standards, *Id.* at 28; and (7) Negligent Misrepresentation and Professional Malpractice (State Law), *Id.* at 29. Plaintiffs aver that Defendant Delaney is liable in her individual capacity for compensatory and punitive damages, and in her official capacity for prospective declaratory and injunctive relief. *Id.* at 5.

## LEGAL STANDARD

### A.      Lack of Personal Jurisdiction

The purpose of a motion to dismiss under Rule 12(b)(2) is to determine whether a court has personal jurisdiction over a defendant. The question of personal jurisdiction must be addressed before a court can reach the merits of a case because "a court without jurisdiction over the parties cannot render a valid judgment." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing *Leney v. Plum Grove Bank*, 670 F.2d 878, 879 (10th Cir. 1982)).

The plaintiffs bear the burden of establishing either general or specific jurisdiction over the defendants. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). "Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

### B.  Lack of Subject Matter Jurisdiction

In a motion to dismiss based on lack of subject-matter jurisdiction brought under Fed. R. Civ. P. 12(b)(1) "the moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. However, when, as in this case, a court resolves a motion to dismiss for lack of subject matter jurisdiction without an evidentiary hearing, the plaintiff is only required to make a prima facie showing of subject matter jurisdiction." "All factual disputes

4

are resolved in favor of the plaintiff when determining the sufficiency of this showing. *Scott v. Wingate Wilderness Therapy, LLC,* 2019 U.S. Dist. LEXIS 42956, *2-4, 2019 WL 1206901.

### C.    Certificate of Review

C.R.S. § 13-20-602(1)(a) provides that in "every action for damages or indemnity based upon the alleged professional negligence" of certain licensed professionals, the plaintiff (or plaintiff's attorney) must file a certificate of review within sixty days after service of the complaint on the defendant. The certificate must state that the plaintiff has consulted with an expert "who has expertise in the area of the alleged negligent conduct;" that the expert has reviewed the known facts and relevant materials; and that the expert has concluded the claim does not lack substantial justification. C.R.S. § 13-20-602(3)(a), (3)(c). Pro se litigants are subject to the same requirement as represented parties. *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002).

Whether an action is "based upon the alleged professional negligence" is determined by the substance of the claim, not the label attached to it, and the statute "should be broadly read and applied." *Baumgarten v. Coppage*, 15 P.3d 304, 306-07 (Colo. App. 2000); *Martinez v. Badis*, 842 P.2d 245, 251-52 (Colo. 1992); *Williams v. Boyle,* 72 P.3d 392, 397 (Colo. App. 2003). The statute applies when proof of liability requires evidence that the licensed professional failed to exercise the degree of care, skill, and knowledge ordinarily possessed by members of the profession and thus will require expert testimony. *See Williams*, 72 P.3d at 397.

The certificate must be filed within sixty days of service, although the Court may extend that period for good cause shown. C.R.S. § 13-20-602(1)(a); *see Yadon*, 64 P.3d at 913; *see also Shelton v. Penrose/St. Francis Healthcare System*, 984 P.2d 623, 628 (Colo. 1999). Failure to file a certificate "in accordance with this section shall result in the dismissal of the complaint . . . ."

C.R.S. § 13-20-602(4).

A certificate may be brief as long as it confirms consultation with a qualified expert who has reviewed the relevant information and concluded the claim does not lack substantial justification. *See RMB Servs., Inc. v. Truhlar*, 151 P.3d 673, 675 (Colo. App. 2006); *Redden v. SCI Colo. Funeral Servs., Inc*., 38 P.3d 75, 82 (Colo. 2001). The statute requires a certificate "for each . . . licensed professional named as a party." C.R.S. § 13-20-602(1)(a). Section 13-20-602(3)(b) further permits the Court, in its discretion, to verify the contents of the certificate by examining the consulted expert's written opinion.

### D.  *Improper Venue*

Under Fed. R. Civ. P. 12(b)(3), a party may move to dismiss for improper venue. It is a plaintiff's burden to demonstrate that venue is proper. *See Wohlbach v. Ziady,* No. 17 CIV. 5790 (ER), 2018 U.S. Dist. LEXIS 126190, 2018 WL 3611928, at *2 (S.D.N.Y. July 27, 2018) ("When a defendant challenges either the jurisdiction or venue of the court, the plaintiff bears the burden of showing that both are proper." (citation omitted)). "When deciding a motion to dismiss for improper venue, the court may examine facts outside the complaint to determine whether venue is proper." "The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Palmore v. Napoli Shkolnik PLLC,* No. 23-CV-1616 (ER), 2024 U.S. Dist. LEXIS 59984, 2024 WL 1330003, at *9 (S.D.N.Y. Mar. 28, 2024) (internal quotation marks and citation omitted). The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a).

### E. *Failure to State a Claim Upon Which Relief Can Be Granted*

To state a claim for relief a federal complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). At the pleading stage, it is not the defendant's or the court's responsibility to guess at plaintiff's claims. *Conley*, 355 U.S. 41, 47 (1957). Under Rule 12, a complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). The mere metaphysical possibility some plaintiff could prove some set of facts for the claims is insufficient; the complaint must give reason to believe this plaintiff has a reasonable likelihood of mustering factual support for these claims. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). All well-pleaded factual allegations are viewed favorably to a plaintiff. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011). All conclusory statements of law are set aside. *Kan. Penn Gaming*, *LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Rule 8, as interpreted by the Supreme Court, forbids "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C.,* 493 F.3d at 1177. In ruling on such a motion, the dispositive inquiry is "whether the complaint contains

7

'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A plaintiff must allege enough facts, "taken as true, to state a claim to relief that is plausible on its face." A plaintiff must "offer specific factual allegations to support each claim" and while the Court must "accept as true all of the allegations contained in a complaint" this requirement is "inapplicable to legal conclusions." The determination of plausibility will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Therefore, "in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

### F. Pro Se Plaintiff

Plaintiffs are proceeding *pro se.* A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiffs' *pro se* status does not entitle them to application of different

rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**ARGUMENT**

## I.  LACK OF PERSONAL JURISDICTION OVER DEFENDANT DELANEY.

To establish personal jurisdiction over a nonresident defendant in a diversity action, "a plaintiff must show jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 319 (1945)). Because Colorado's long-arm statute extends as far as the constitutional limits of the Due Process Clause, the court has jurisdiction over defendants coextensive with the Due Process Clause. *Benton*, 375 F.3d at 1075; *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002).

Consistent with due process, a court may exercise personal jurisdiction in one of two ways. First, a court may assert specific jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472. Second, where a defendant has not engaged in forum-related activities, the court may nonetheless exercise general jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415, 104 S. Ct.

1868, 80 L. Ed. 2d 404 (1984). The burden of proof is on the plaintiff to establish the requisite minimum contacts. *OMI Holdings*, 149 F.3d at 1091.

Defendant Delaney resides in Oklahoma and her principal place of business is in Oklahoma The address used by Plaintiffs in their attempt to serve Defendant Delaney was in Ponca City, Oklahoma, where this Defendant works. (Doc. 10-4). Defendant resides in Newkirk, Oklahoma, and that is where she was ultimately served. Plaintiffs filed the Complaint and claimed jurisdiction based on diversity of citizenship. (Doc. 10). But they did not allege facts showing Defendant Delaney has any contacts, let alone minimum contacts, with Colorado. *Id.* The Amended Complaint is devoid of any allegations that Defendant Delaney has any general business contacts with Colorado. *Helicopteros Nacionales,* 466 U.S. at 415-16. Finally, Defendant Delaney's alleged conduct occurred in Oklahoma, and Plaintiffs do not allege that Defendant Delaney engages in continuous and systematic contacts with Colorado that would render her at home here.

Plaintiffs have failed to demonstrate that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. *See Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Plaintiffs did not plead any facts in the Amended Complaint to plausibly allege personal jurisdiction over Defendant Delaney. Plaintiffs cannot meet their burden to establish that this Court has personal jurisdiction over this Defendant. Fed. R. Civ. P. 12(b)(2).

## II.        LACK OF SUBJECT MATTER JURISDICTION.

Subject matter jurisdiction of the federal court can be sustained only if there is diversity among the parties and if the plaintiffs' claim for damages exceeds the $75,000 threshold.  Here, there is no diversity of citizenship to salvage Plaintiffs' Complaint. As Plaintiffs admit in their

Amended Complaint, Plaintiffs and Defendant Delaney are residents of Oklahoma. Because they live in the same state, there is no diversity to maintain their claim in this Court, or any federal court.

Pursuant to the Tenth Circuit's decision in *Meeker v. Kercher*, a child legal representative does not act under color of state law for purposes of Section 1983. 782 F.2d 153, 155 (10th Cir. 1986). "Numerous district courts in Colorado judicial district and throughout the Tenth Circuit have reached the same conclusion." *Gladstone v. Tarrin,* 2025 U.S. Dist. LEXIS 212646, *1, 2025 LX 422869; *see, e.g., Nichols v. Bd. of Cnty. Commissioners of Cnty. of Adams,* No. 23-cv-00224-PAB—MEH, 2024 U.S. Dist. LEXIS 30736, 2024 WL 729673, at *18 (D. Colo. Feb. 21, 2024); *Adams v. People of State of Colo.*, 176 F.3d 488 (10th Cir. 1999) ("court-appointed representatives such as attorneys or guardian ad litem are not acting under color of state law").

Based on the allegations in the Amended Complaint, Plaintiffs assert constitutional claims under Section 1983, and assert that their claims are proper under 28 U.S.C. §§ 1331 and 1343. *See* Amend. Compl. at 4. While Plaintiffs allege that Defendant Delaney is a state actor and that her conduct satisfies the Section 1983 state-action requirement, there is no basis to support this conclusory statement. And absent such a basis, while Plaintiffs may allege and reiterate that Defendant Delaney is a state actor, saying this does not make it so.

Even accepting these allegations as true and applying a liberal construction based on Plaintiffs' *pro se* status—Plaintiffs have not pleaded factual information that provides the Court with jurisdiction over Plaintiffs' claims. *Clinton v. Sec. Benefit Life Ins. Co.,* 63 F.4th 1264, 1274-75 (10th Cir. 2023); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Fundamentally, Defendant Delaney is a child legal representative and not a state actor under Section 1983. It

11

follows that she was not acting under color of state law. Thus, Plaintiffs have failed to plead facts

that permit the Court to exercise jurisdiction over their claims against Defendant Delaney. *See,

e.g.,* Fed. R. Civ. P. 12(b)(1); *Whitehead v. Marcantel,* 766 F. App'x 691, 700 (10th Cir. 2019)

("To invoke jurisdiction under § 1983, [a plaintiff] must allege conduct under color of state law .

. . . We conclude that the complaint failed to provide sufficient factual matter to allege that [a

defendant] was a state actor; therefore, the federal courts lack jurisdiction over this claim" (internal

quotations omitted and citation modified)).

The Court lacks subject matter jurisdiction because Defendant Delaney is not a state actor

under Section 1983, based on Defendant's status as a child legal representative and the nature of

Plaintiffs' Section 1983 claim. Dismissal under Rule 12(b)(1) is proper. Accordingly, the Court

should dismiss Plaintiffs' claim with prejudice.

### III.    PLAINTIFFS' FAILURE TO FILE A CERTIFICATE OF REVIEW OR JUSTIFY THEIR DELAY WARRANTS DISMISSAL OF THE AMENDED COMPLAINT.

In the present matter, Plaintiffs have failed to file a certificate of review and have not

requested an extension of time to file one within the time allotted, warranting dismissal of the

Complaint.

In an action against licensed professionals based upon negligence, Colorado law requires

a plaintiff to file a certificate of review stating that the plaintiff has consulted an expert

knowledgeable in the area of the alleged negligent conduct and that the expert has concluded that

the claim is substantially justified. C.R.S. § 13-20-602. The certificate must be filed within sixty

days of service of the complaint. C.R.S § 13-20-602(1)(a). Failure to file a certificate when

required results in the dismissal of the complaint. C.R.S. § 13-20-602(4); *see, e.g., Teiken v.*

*Reynolds*, 904 P.2d 1387, 1389-90 (Colo. App. 1995) (affirming dismissal of a case "based upon plaintiffs' failure to file a complying certificate of review"); *Kiyemba v. Johnson*, No. 17CA0512, 2018 Colo. App. LEXIS 2080, at *12 (Mar. 8, 2018) (affirming the dismissal of complaint for failure to file a certificate of review within the statutory deadline); *Edmond v. Trogani*, No. 06CA0342, 2007 Colo. App. LEXIS 3039, at *5 (Oct. 4, 2007) (same); *Yadon v. Southward*, 64 P.3d 909, 913 (Colo. App. 2002) (same). The statute applies equally to parties proceeding *pro se*. *Rome v. Parker Adventist Hosp.*, No. 21CA0531, 2022 Colo. App. LEXIS 3172, at *8 (July 28, 2022) ("This broad language refers to civil actions generally; it is not limited to civil actions in which a plaintiff is represented by an attorney.") (citation omitted). The statute applies "[i]n every action for damages . . . based upon the alleged professional negligence of . . . a licensed professional" and applies to actions based upon professional negligence against an employer of licensed professionals. C.R.S § 13-20-602(1)(a)-(b); *see State v. Nieto*, 993 P.2d 493, 502 (Colo. 2000). Moreover, this statute applies, regardless of the formal designations of the claims, "to all claims against licensed professionals wherein expert testimony is required to establish the scope of the professional's duty or the failure of the professional to reasonably conduct himself or herself in compliance with . . . the duty." *Martinez v. Badis*, 842 P.2d 245, 252 (Colo. 1992).

To the extent Plaintiff's asserted conspiracy theory rests on alleged coordinated therapeutic misconduct, clinically unsupported communications, boundary violations, or other departures from professional norms in the course of licensed services, § 13-20-602 applies, notwithstanding the conspiracy label.

Here, Plaintiffs served their Amended Complaint on Defendant Delaney on November 3, 2025. As such, the sixty-day period for Plaintiffs to file the necessary Certificate of Review will expire

on January 3, 2026. Plaintiffs have not sought leave for an extension of this deadline. Plaintiffs have not offered any grounds showing "good cause" for not having to comply with the certificate of review requirements. Plaintiffs have failed to file a certificate of review and have not sought additional time to file one within the time allotted by statute. *See Martinez v. Badis*, 842 P.2d 245, 251 (Colo. 1992) ("If a plaintiff determines that expert testimony is required but that timely filing is not possible, the plaintiff must request an order extending the filing period, for good cause, which request should normally be filed within the sixty-day time period."). Their *pro se* status is no excuse for failing to follow procedural rules. Therefore, dismissal of Plaintiffs' Complaint is statutorily required on this basis. C.R.S. § 13-20-602(4).

## IV.  IMPROPER VENUE.

Venue in a federal court is generally governed by 28 U.S.C. § 13912 which provides, in relevant part, that a civil action may be brought in the following:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"A district court may transfer a case, regardless of whether venue is proper in the transferor court, only when the transfer is in in the interest of justice." *Paroni v. Gen. Elec. UK Holdings Ltd.,* No. 19 CIV. 1034 (PAE), 2021 U.S. Dist. LEXIS 215801, 2021 WL 5154111, at *1 (S.D.N.Y. Nov. 5, 2021) (internal quotations and citation omitted). "Courts enjoy considerable discretion in

14

deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.,* 428 F.3d 408, 435 (2d Cir. 2005). Relevant factors to consider when exercising a court's discretion with respect to transfer include whether the "merits of the case are clearly doomed." *Id.* (citation omitted).

The Amended Complaint states that venue is proper in this District. However, Defendant Delaney is licensed in the state of Oklahoma where the subject services were provided. She has never worked for or been connected to any agency in Colorado.  Plaintiffs' allegations relate to events occurring in Oklahoma. Therefore, under 28 U.S.C. § 1391 venue is plainly improper in this District. The interest of justice does not justify a transfer here. Plaintiffs are forum shopping. They tried and failed to bring three licensing complaints against Defendant Delaney in Oklahoma, which were dismissed as unsubstantiated. The Amended Complaint serves as their fourth attempt to bring a claim against this Defendant. Plaintiffs filed their complaint in a state where Plaintiffs and Defendant Delaney do not reside. Further, none events that are central to this action as they pertain to Defendant Delaney occurred in Colorado, and Defendant Delaney has no contacts, business or otherwise, with Colorado.

The Court should therefore dismiss the claim on the ground that venue is improper in this District, and dismiss the action against Defendant Delaney.

## V. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEFENDANT DELANEY.

Plaintiffs' claims against Defendant Delaney concern her alleged involvement in a "conspiracy" with the guardian ad litem (GAL) that allegedly violated the Plaintiffs' rights under the United States Constitution and state law, with the aim of destroying reunification efforts. Plaintiffs have failed to state a claim under either federal or state law, and the Court should dismiss

15

their conspiracy claim as a result.

### a.  42 U.S.C. § 1983

Section 1983 governs civil actions for a deprivation of rights. In pertinent part, it states

that,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Section 1983 can support a claim for conspiracy in certain situations. *Robinson v. Maruffi,* 895 F.2d 649, 654 (10th Cir. 1990) (citations omitted). "To state a section 1983 conspiracy claim, a plaintiff must demonstrate the alleged conspirators had a meeting of the minds and engaged in concerted action to violate the plaintiff's constitutional rights." *Montoya v. Bd. Of Cty. Comm'rs,* 506 F. Supp. 2d 434, 443 (D. Colo. 2007). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994). "A plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 533 (10th Cir. 1998). "Parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Shimomura v. Carlson,* 17 F. Supp. 3d 1120, 1130 (D. Colo. 2014) (dismissing the plaintiff's § 1983 conspiracy claim for failure to sufficiently plead facts supporting the existence of an agreement). "An allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Twombly,* 550 U.S. at 556.

Here, Plaintiffs fail to sufficiently allege that there was a meeting of the minds. Plaintiffs' Amended Complaint does not allege specific facts showing an actual agreement among other

16

Defendants and Defendant Delaney and instead improperly speculates that an agreement or meeting of the minds may have taken place. *Tonkovich,* 159 F.3d at 533. Plaintiffs assert that the agreement is evidenced by Ms. Delaney's coordination with DHS and GAL Jessica Driver "to weaponize therapy notes to justify visitation restrictions and manipulate the course of the case." Amend. Compl. at 8. They assert that Ms. Delaney made "biased recommendations" that allegedly "caused revocation of unsupervised visitation and contributed to unjustified restrictions on reunification, inflicting emotional distress on the family." Amend. Compl. at 8. Again, nowhere do Plaintiffs make specific factual allegations that there was an agreement.  Alleging that the mere contact with the GAL is evidence of misusing therapy records and disclosing confidential information is not a sufficient allegation that there was an agreement to conspire. Such coordination between the two is court ordered and/or authorized. Moreover, Plaintiffs allege that the Defendants' conspiracy might be inferred based on Defendants' claimed conduct they vaguely assert is connected but factual averments demonstrating parallel conduct is insufficient to establish conspiracy. *Shimomura,* 17 F. Supp. 3d at 1130.  Plaintiffs' allegation that the Defendants conspired to obstruct justice and deprive them of due process is a conclusory allegation that is not entitled to an assumption of truth and is insufficient to state a valid § 1983 claim. *Ashcroft,* 556 U.S. at 678; *Hunt,* 17 F.3d at 1266. Plaintiffs failed to frame their Amended Complaint with sufficient factual support to state a plausible civil conspiracy claim. *Robbins,* 519 F.2d at 1247.

Additionally, "[t]o prevail on such a claim, a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Snell v. Tunnell,* 920 F.2d 673, 701 (10th Cir. 1990) (internal citations and quotations omitted). "There must be an actual denial of due process before a cause of action arises."

17

*Hanna v. Home Ins. Co.,* 281 F.2d 298, 303 (5th Cir. 1960). Plaintiffs claim that the alleged conspiracy caused a delay in reunification efforts with two children. The complained-of decision to delay the reunification processes, and thus "deprive" a parent of their parental rights, is reserved for the Court, not Ms. Delaney. Without any facts that she violated federal law and that this led to their deprivation of Plaintiffs' parental rights, their federal conspiracy claims fail.

### b. Colorado State Law

In Colorado, for a plaintiff to recover under claim of civil conspiracy, the plaintiffs must establish the following elements: The defendants and at least one other person agreed, by words or conduct, to accomplish an unlawful goal or accomplish a goal through unlawful means; one or more unlawful acts were performed to accomplish the goal, or one or more acts were performed to accomplish the unlawful goal; the plaintiff had damages; and the plaintiff's damages were caused by the acts performed to accomplish the goal. *Jet Courier Service, Inc. v. Mulei,* 771 P.2d 486 (Colo. 1989); *Nelson v. Elway,* 908 P.2d 102 (Colo. 1995) (unlawful overt act not established). State law does not require an express agreement. However, there must be some indicia of an agreement. *Saint John's Church v. Scott,* 194 P.3d 475 (Colo. App. 2008).

No Colorado decision provides a comprehensive definition of "unlawful means" or "unlawful goal." Several cases, however, have held specific acts, such as a breach of a duty of loyalty, to be "unlawful." *Jet Courier Serv., Inc. v. Mulei,* 771 P.2d 486 (Colo. 1989); *see also Espinoza v. O'Dell,* 633 P.2d 455 (Colo. 1981) (interference or violation of civil rights); *Julius Hyman & Co. v. Velsicol Corp.,* 233 P.2d 977 (Colo. 1951) (wrongful use of trade secrets); *Zimmerman v. Hinderlider,* 148 P.2d 813 (Colo. 1944) (destruction of decreed reservoir rights). Courts have identified various goals which have been considered unlawful. *See, e.g., Jet Courier*

*Service, Inc. v. Mulei,* 771 P.2d 486 (Colo. 1989); *Nelson v. Elway,* 908 P.2d 102 (Colo. 1995) (unlawful overt act not established); *Lockwood Grader Corp. v. Bockhaus,* 270 P.2d 193 (Colo. 1954); *Walker v. Van Laningham,* 148 P.3d 391 (Colo. App. 2006); *Stauffer v. Stegemann,* 165 P.3d 713 (Colo. App. 2006).

Plaintiffs' conspiracy claim under both federal and state law should be dismissed for failure to specifically allege that there was an actual agreement among the Defendants, allege that there was an actual deprivation of their due process rights, or that there was an actual denial of due process.

To prevail on a professional negligence claim, "the plaintiff must prove that the professional owed a duty of care to the plaintiff, that the professional breached the duty of care, that the breach proximately caused an injury to the plaintiff, and that damages resulted." *Gibbons v. Ludlow*, 304 P.3d 239, 244 (Colo. 2013). Plaintiffs have not established a breach of duty by Defendant Delaney or how any acts or omissions by her departed from accepted clinical standards.

Plaintiffs also assert a claim for intentional infliction of emotional distress ("IIED"). To state an IIED claim, a plaintiff must plead facts showing: "(1) the defendant engaged in extreme and outrageous conduct, (2) recklessly or with the intent of causing the plaintiff severe emotional distress, and (3) causing the plaintiff severe emotional distress." *Pearson v. Kancilia*, 70 P.3d 594, 597 (Colo. App. 2003) (citing *McCarty v. Kaiser-Hill Co.*, 15 P.3d 1122, 1126 (Colo. App. 2000)). The level of outrageousness required is "extremely high," and liability exists only where the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999) (internal quotation

19

omitted). Whether reasonable persons could find the alleged conduct sufficiently extreme and outrageous is a question of law. *Culpepper v. Pearl Street Bldg., Inc.*, 877 P.2d 877, 883 (Colo. 1994). Plaintiffs do not plead a plausible IIED claim and rely on collective and conclusory allegations that do not describe conduct by Defendant Delaney that could reasonably be deemed "atrocious" or "utterly intolerable in a civilized community." *Id.* Finally, Plaintiffs' framing of Defendant Delaney's conduct is significant. Where the gravamen of the claim is that licensed professionals, while acting in their assigned roles, exercised poor clinical judgment, made improper therapeutic decisions, or communicated flawed professional opinions, Colorado courts generally analyze such allegations, if at all, under professional negligence or related doctrines— not as the sort of conduct "beyond all possible bounds of decency" required for IIED. *Card v. Blakeslee*, 937 P.2d 846, 850 (Colo. App. 1996*)*.

Plaintiffs' collective and conclusory pleadings fail to comply with Fed. R. Civ. P. 8 and do not plausibly support any claim against this Defendant. Even under a liberal construction of Plaintiffs' pro se Amended Complaint, the Amended Complaint contains multiple overlapping legal labels and characterization of Defendants' motives, but the Court may not supply missing facts or assume the truth of bare legal assertions. Plaintiffs' claims against Defendant Delaney fail to state a claim and must be dismissed under Fed. R. Civ. P. 12(b)(6).

**CONCLUSION**

The Court lacks jurisdiction and Plaintiffs claims must be dismissed. Even if the Court does not dismiss the Amended Complaint for lack of jurisdiction, the claims cannot survive dismissal.

20

WHEREFORE, Defendant Lesha Delaney hereby requests that the Court dismiss Plaintiffs' Amended Complaint with prejudice, for an award of reasonable attorney's fees and costs, and for such other relief as the Court deems reasonable and necessary.

Respectfully submitted this 23rd day of December, 2025.

s/ Rachel E. Ryckman
Rachel E. Ryckman, Esq.
Kimberly A. Fry, Esq.
WHITE AND STEELE, P.C.
600 17th Street, Suite 600N
Denver, Colorado 80202
rryckman@wsteele.com
kfry@wsteele.com
Attorney for Defendant Lesha Delaney

21

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of December, 2025, a true and correct copy of the foregoing was served via CM-ECF and by email to the following:

*Plaintiff:*

Amy Wrany
2529 Windsor Rd.
Ponca City, OK 74601
amytennille@hotmail.com

*Attorneys for El Paso County Defendants*

Dorey Lindemann, Esq.
Nathan J. Whitney, Esq.
First Assistant County Attorney
Office of the County Attorney of
El Paso County, Colorado
200 S. Cascade Ave.
Colorado Springs, CO 80903
Phone: (719) 520-6485
Fax: (719) 520-6487
doreylindemann@elpasoco.com
nathanwhitney@elpasoco.com

*Plaintiff:*

Ashley Johnson
1007 S. 9th St.
Ponca City, OK 74601
j.ashleysorell@outlook.com

*s/Darla Frechette*
For White and Steele, P.C.