IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–03248–DDD–MDB

AMY WRANY, and
ASHLEY JOHNSON,

    Plaintiffs,

v.

EL PASO COUNTY, COLORADO, by and through its Board of Commissioners,
EL PASO COUNTY DEPARTMENT OF HUMAN SERVICES,
OFFICE OF THE CHILD'S REPRESENTATIVE,
EXECUTIVE DIRECTOR OF THE OFFICE OF CHILD'S REPRESENTATIVE, in his or her official capacity,
JESSICA DRIVER,
CODY CHRISTIAN,
KEVIN MAJOR, and
LESHA DELANEY,

    Defendants.

## ORDER

Magistrate Judge, Maritza Dominguez Braswell

    This matter is before the Court on Plaintiffs' "Motion for Leave to Effect Alternate Service by Email (Defendant Cody Christian Only)" ("Motion"). (Doc. No. 27.) Plaintiffs ask for permission to attempt substituted service on Defendant Cody Christian via email, pursuant to Colo. R. Civ. P. 4(f). Upon careful review, the Court **ORDERS** that the Motion is **DENIED without prejudice**.

### BACKGROUND

    Plaintiffs, Amy Wrany and Ashley Johnson ("Plaintiffs"), initiated this action on October 15, 2025, for alleged civil rights violations in connection with child welfare proceedings in El

Paso County, Colorado. (*See generally* Doc. No. 10.) Defendant Christian is the current Guardian Ad Litem in the child welfare case. (*Id.* at 3.)

Plaintiffs allege that they made good faith efforts to serve Defendant Christian at her known workplace address, via email, and via sheriff service. (Doc. No. 27.) None of the foregoing service attempts were successful. (*Id.*) To support these allegations, the Motion includes an affidavit by Plaintiff Wrany describing her attempts to serve Defendant Christian and her understanding of the sheriff's attempts at service. (*Id.* at 3-4.) Plaintiffs now request permission to serve Defendant Christian via email and certified mail.

## ANALYSIS

Federal Rule of Civil Procedure 4(e) provides that a plaintiff may serve process on an individual located within the United States by either: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, service of such an individual may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In Colorado, personal service is the default method of service, which includes leaving the complaint and summons at the defendant's normal place of abode with a family member over 18 years of age, or at the defendant's workplace with their "supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent." Colo. R. Civ. P. 4(e)(1). Where service by mail or publication is not otherwise authorized pursuant to Colo. R. Civ. P. 4(g), a party "may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Colo. R. Civ. P. 4(f). The motion must set forth (1) the efforts made to obtain personal service and the reason why personal service could not be obtained; (2) the identity of the person to whom the party wishes to deliver the process; and (3) the address, or the last known address of the workplace and residence, if known, of the party upon whom service is to be effectuated. (*Id.*)

2

If the motion satisfies these requirements, and if the court determines that due diligence has been used to attempt personal service, that further attempts at personal service would be futile, and that the person to whom the party seeks to deliver service is "appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effectuated," the court must then (1) authorize delivery to be made to the person deemed appropriate for service; and (2) order that process be "mailed to the address(es) of the party to be served by substituted service, as set forth in the motion." (*Id.*)

The Motion does not meet Rule 4(f)'s requirements because it does not include an affidavit by "the *person attempting service*." Colo. R. Civ. P. 4(f) (emphasis added). An affidavit by a party is insufficient, because neither state nor federal rules permit parties to a case to attempt personal service. Colo. R. Civ. P. 4(d); Fed. R. Civ. P. 4(c)(2). The record suggests that personal service was attempted only by sheriff's deputies, but Plaintiffs did not include a sheriff's affidavit in the Motion. (Doc. No. 27 at 3-4.) For these reasons, the Motion does not meet the requirements set forth in Colorado Rule of Civil Procedure 4(f).

Accordingly, it is

**ORDERED** that Plaintiffs' "Motion for Leave to Effect Alternate Service by Email (Defendant Cody Christian Only)" (Doc. No. 27) is **DENIED without prejudice**.

It is further

**ORDERED** that Plaintiffs shall effectuate service of the Summons and operative Complaint on Defendant Cody Christian by the means required under Fed. R. Civ. P. 4(e). Plaintiffs shall provide proof of such service to the Court on or before **January 30, 2026**.

This Order shall be mailed to:

**Amy Wrany**
2529 Windsor Road
Ponca City, OK 74601

**Ashley Johnson**
1007 South 9th Street
Ponca City, OK 74601

3

Dated this 30th of December, 2025,

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

4