IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–03248–DDD–MDB

AMY WRANY, and
ASHLEY JOHNSON,

    Plaintiffs,

v.

EL PASO COUNTY, COLORADO, by and through its Board of Commissioners,
EL PASO COUNTY DEPARTMENT OF HUMAN SERVICES,
OFFICE OF THE CHILD'S REPRESENTATIVE,
EXECUTIVE DIRECTOR OF THE OFFICE OF CHILD'S REPRESENTATIVE, in his or her official capacity,
JESSICA DRIVER,
CODY CHRISTIAN,
KEVIN MAJOR, and
LESHA DELANEY,

    Defendants.

## ORDER

    This matter is before the Court on five service motions filed by Plaintiffs:

1. "Renewed Motion for Leave to Effect Alternate Service (Defendant Cody Christian Individual Capacity)" (["Second Christian Motion"], Doc. No. 43);

2. "Second Renewed Motion for Leave to Effect Alternate Service, Supplemental Declaration, and Certificate of Service (Defendant Cody Christian – Individual Capacity)" (["Third Christian Motion"], Doc. No. 56); and

3. "Status Notice Regarding Pending Motion for Alternate Service & Conditional Motion for Brief Extension of Time to Complete Service." (["Fourth Christian Motion"], Doc. No. 65.)

4. "Motion for Ruling on Pending Motions for Leave to Effect Alternate Service or, in the Alternative, for Extension of Time Under Rule 4(m)." (["Fifth Christian Motion"], Doc. No. 68.)

5. "Motion for Extension of Time to Effect Service of Process, or in the Alternative, for Authorization of Alternate Service Pursuant to Fed.R.Civ.P.4(m) and 4(e)" (["Combined Motion"], Doc. No. 45);

Upon review of each of these motions, the Court **ORDERS** that the Second, Third, and Fourth Christian Motions, and the Combined Motion, be **DENIED without prejudice**. The Fifth Christian Motion is **GRANTED in part and DENIED in part**.

## SUMMARY FOR PRO SE PLAINTIFFS

The Court is denying your request for substituted service because even though multiple service attempts have been made, they have all been at one address, sometimes when the office appeared closed. There is no evidence of attempts to find additional addresses, or evidence that proper service attempts would be futile. However, the Court is extending your time for service one last time and cautions that failure to serve Ms. Christian could result in a recommendation of dismissal. This is only a high-level summary of this Order. The complete Order is set forth below.

## BACKGROUND

Plaintiffs initiated this action on October 15, 2025, for alleged civil rights violations in connection with child welfare proceedings in El Paso County, Colorado. (*See generally* Doc. No. 10.) Defendant Cody Christian is the Guardian Ad Litem in the child welfare case. (*Id.* at 3.) Plaintiffs allege they have made good faith efforts to serve Defendant Christian at her known workplace address between November 2025 and January 2026. (Doc. No. 56.) To support these contentions, Plaintiffs submit certificates of non-service by the El Paso County sheriff's office and by Trailfinders, a private process server. (*Id.*; Doc. No. 55-1.)

The Combined Motion concerns service on the Office of the Child Representative ("OCR"); the OCR Executive Director, Chris Henderson; Jessica Driver; and Cody Christian. (Doc. No. 45 at 1-2.) However, all defendants, except Ms. Christian, have been served or have filed waivers of service. (Doc. Nos. 25, 51, 52.) Thus, the only remaining service issue concerns Defendant Christian.

Plaintiffs previously moved for an order allowing substituted service by email on Ms. Christian. (Doc. No. 27.) On December 30, 2025, the Court denied that request without prejudice. (Doc. No. 40.) In that same order, the Court gave Plaintiffs until January 30, 2026, to serve Ms. Christian. (*Id.*) Now, Plaintiffs renew their request to serve Defendant Christian via email. (Doc. Nos. 43, 56.) Plaintiffs filed two additional motions requesting the same relief and, in the alternative, request an extension to serve Ms. Christian. (Doc. Nos. 65, 68.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 4(e) provides that a plaintiff may serve process on an individual located within the United States by either: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, service of such an individual may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In Colorado, personal service is the default method of service. Colo. R. Civ. P. 4(e)(1). Personal service upon a natural person may be achieved by leaving the complaint and summons at the defendant's normal place of abode with a family member over 18 years of age, or at the defendant's workplace with their "supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent." *Id.* Where service by mail or publication is not otherwise authorized pursuant to Colo. R. Civ. P. 4(g), a party "may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Colo. R. Civ. P. 4(f). The motion must set forth "(1) the efforts made to obtain personal service and the

3

reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected." (*Id.*)

If the motion satisfies these requirements, demonstrates due diligence, the futility of further attempts, and that the person to whom the party seeks to deliver service is "appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effectuated," the court will authorize substitute service. (*Id.*)

## ANALYSIS

Plaintiffs' motions do not meet the requirements of Colo. R. Civ. P. 4(f). The rule authorizes substituted service upon a substituted "person." Colo. R. Civ. P. 4(f); *see, e.g.*, *Lodos v. Empire Towing Corp.*, 2025 WL 580485, at *2 (discussing denial of substituted service because moving party failed to identify a substituted person to receive service on behalf of the person named in the summons and complaint). Substituted service through electronic means may be appropriate when the defendant has previously responded to communication through those channels, and when electronic service is combined with other forms of service. *See, e.g.*, *Clarke v. Regions Home Improvement Financing et. al.*, 2025 WL 3496178, at *4 (service via text message at a number defendant previously used to communicate with plaintiffs and to refuse service, combined with service via certified mail, is reasonably calculated to apprise defendant of the action). Here, Plaintiffs request service by email only. (Doc. No. 43 at 2; Doc. No. 56 at 2.) They do not identify a substituted person who could receive service of process on Ms. Christian's behalf, nor do they demonstrate Ms. Christian's ability to receive actual notice of this action through the email address Plaintiffs propose.

Furthermore, the Court is not convinced of due diligence or futility. Persistent attempts to effectuate personal service at multiple addresses suggest due diligence. *See, e.g.*, *Clarke*, 2025 WL 3496178, at *2 (finding due diligence where service was attempted at three different addresses in two states tied to a corporate defendant); *Securities and Exchange Commission v. Cournoyer et al.*, 2025 WL 2401986, at *1 (due diligence was done where Plaintiff attempted to serve sole manager of a corporate defendant at four different work and residential addresses). Here, Plaintiffs have made multiple attempts at service, but they were all directed at one office

address, and in some instances when the office appeared closed. Specifically, Plaintiffs made seven attempts to serve Ms. Christian at her last known place of work: 10 Boulder Crescent Street, #303, Colorado Springs, Colorado, 80903. (Doc. No. 55-1.) Three of these attempts were made by the El Paso County Sheriff in November and December 2025. (*Id.*) On the first two attempts, the deputy could not locate Ms. Christian but left contact cards with other individuals in her office building. (*Id.*) On the third attempt, the deputy found the office closed. (*Id.*) In early January, private process server Trailfinder attempted to serve Ms. Christian at the same address. (Doc. No. 55.) On most of those attempts, the office appeared closed, locked, and empty. (*Id.*) During one attempt, Trailfinder contacted an individual who worked in the same shared office space, and they indicated Ms. Christian would not be in the office for "most of the day." (*Id.*)

On this record, the Court is not convinced that Plaintiffs have exercised sufficient due diligence. Though they have made several good-faith attempts to serve Ms. Christian at a single address, they have not documented any efforts to find additional work or residential addresses. *Cf. Clarke*, 2025 WL 3496178, at *2 (due diligence included searches of Secretary of State websites, dockets, social media, and other online sources to identify addresses for service). Additionally, the recorded service attempts were made over a fairly short period of time. (Doc. Nos. 55 (efforts between January 8-13, 2026); 55-1 (efforts in late November and early December 2025).) It is unclear whether these attempts at service were unsuccessful because Ms. Christian moved offices, was in court or out of town, or evading service. As such, the Court cannot say that future attempts to personally serve Ms. Christian would prove unsuccessful. *See Colony Ins. Co. v. Bristlecone Montessori Sch.*, 2021 WL 50893, at *3 (D. Colo. Jan. 5, 2021) (due diligence not demonstrated where Plaintiff provided no allegations that Defendant was evading personal service, rather than simply not at home when service was attempted); *cf. Cournoyer*, 2025 WL 2401986 at *1 (due diligence found where service was attempted by multiple means across a fifteen-month period). Moreover, Colo. R. Civ. P. 4(e)(1) offers several options for personal service, and the record does not support a finding that all methods would be futile here.

Still, and given Plaintiffs' good-faith efforts to serve Ms. Christian thus far and their request for an extension in the Fifth Christian Motion, the Court finds good cause to give

5

Plaintiffs one final extension of time to serve Ms. Christian. Plaintiffs are on notice that failure to effect service in the allotted time could result in a recommendation of dismissal.

## CONCLUSION

Accordingly, it is

**ORDERED** that:

1. The Second Christian Motion, Doc. No. 43, Third Christian Motion, Doc. No. 56, and Fourth Christian Motion, Doc. No. 65, are **DENIED.**
2. The Combined Motion, Doc. No. 45, is **DENIED** insofar as it seeks leave to serve Ms. Christian by alternative means and is **FOUND MOOT** in all other regards.
3. The Fifth Christian Motion, Doc. No. 68, is **GRANTED in part** insofar as it seeks an extension of time for service. The deadline to serve Cody Christian is extended through **March 16, 2026**. The Motion is otherwise **DENIED**.

This Order shall be mailed to:

**Amy Wrany**
2529 Windsor Road
Ponca City, OK 74601
**Ashley Johnson**
1007 South 9th Street
Ponca City, OK 74601

Dated this 13th day of February, 2026,

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge